IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA SILFEE, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AUTOMATIC DATA PROCESSING, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, Joshua Silfee ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, and hereby files the following Class Action Complaint against Defendant Automatic Data Processing, Inc. ("ADP" or "Defendant"), seeking all available relief under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1, *et seq.* Plaintiff's claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23.

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(d), because this case is a class action in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a state different from the defendant.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant regularly transacts business in this District, and because a substantial part of the events giving rise to this Complaint arose in this District.

## PARTIES

3. Plaintiff Joshua Silfee is an adult individual residing in Luzerne County, Pennsylvania, and is a citizen of Pennsylvania.

4. Defendant Automatic Data Processing, Inc. is a provider of business processing and cloud-based solutions, including payroll, talent management, human resource management, benefits administration, and time and attendance, to employers and automotive dealerships around the world.

5. ADP is a citizen of the states of New Jersey and Delaware because its principal place of business is at One ADP Boulevard, Roseland, New Jersey 07068, and it is incorporated in the state of Delaware.

## FACTUAL BACKGROUND

6. As part of its suite of payroll products and services offered to its clients, ADP provides employers the option of paying their employees through a paycard system, called TotalPay.[1] ADP issues and administers this paycard system, whereby each employee is provided with a VISA branded TotalPay paycard, which is loaded each pay period with the employee's net earnings. ADP offers this product and service to its clients throughout Pennsylvania.

7. Plaintiff was employed in Pennsylvania by ERG Staffing Service, LLC ("ERG"), until approximately July, 2013.

---

[1] According to ADP's website, "[t]he TotalPay Card is now the ALINE card. The look is new but your TotalPay Card works the same as always." (*See* https://www.visaprepaidprocessing.com/ADP/PayRollFDIC/Pages/Home.aspx.) For purposes of this Complaint, the terms "TotalPay" and "ALINE" are intended to be synonymous.

2

8. ERG contracted with ADP for the provision of various payroll services, including the use of the TotalPay paycard.

9. Through the use of the TotalPay paycard system, ADP paid wages to ERG employees, including Plaintiff.

10. Each pay period, ADP processed the payroll for all employees of ERG, including Plaintiff, and automatically loaded the employees' wages onto the TotalPay paycard, issued to ERG employees and administered by ADP. ADP provides the same service, and issues and administers identical TotalPay cards, for many of its employer/clients throughout Pennsylvania.

11. Employees who are paid wages via the ADP TotalPay paycard, including Plaintiff and the class, are charged, among other things, an enrollment fee, account maintenance fees, automatic teller machine ("ATM") withdrawal fees, balance inquiry fees, point of sale ("POS") purchase fees, and an account closure fee.

12. The above-referenced fees are deducted by ADP from the balance of the funds loaded onto the TotalPay paycard, including the paycards of Plaintiff and the class.

13. Deduction of these unavoidable fees results in employees, including Plaintiff and the class, receiving less than the full amount of wages owed to them and constitutes an unauthorized deduction from wages in violation of the WPCL.

14. The WPCL defines "employer" as "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth *and any agent* or officer *of any of the above-mentioned classes employing any person in this Commonwealth*." 43 P.S. 260.2a (emphasis supplied).

15. ADP is, and at all relevant times was, actively involved in the policy and decision making on matters of pay or compensation resulting in the illegal wage practices described herein.

16. Indeed, it was ADP who directly made the decision and implemented the policy regarding the unauthorized deductions from wages which are violative of the WPCL and are at issue in this case.

17. As an agent of ERG and other direct employers who have contracted and authorized ADP to implement and utilize the ADP TotalPay paycard system, ADP is a covered "employer" within the meaning of the WPCL.

18. While Plaintiff is unable to state at this time the exact amount owed to him and each similarly situated employee, Plaintiff believes that such information will become available during the course of discovery.

## RULE 23 CLASS ALLEGATIONS

19. Plaintiff brings this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on his own behalf and on behalf of all similarly situated persons, defined as follows:

> All persons employed within the Commonwealth of Pennsylvania who, at any time commencing three (3) years preceding the filing of Plaintiff's Complaint until the time that notice of the class action is provided to the class, were provided with an ADP TotalPay Card for the payment of wages.

20. This action is properly brought under and maintained as an opt-out class action pursuant to Federal Rule of Civil Procedure 23.

21. The identities of the members of the proposed class are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

22. Plaintiff is unable to state the exact number of members of the proposed class without discovery of Defendant's books and records but estimates the class to exceed several hundred individuals.

23. There are questions of law and fact common to the proposed class members which predominate over any questions affecting individual members only. These factual and legal questions include:

   a. Whether, as a result of the various fees imposed in connection with their use of the ADP TotalPay Card, Plaintiff and members of the proposed class received less than the full amount of wages owed to them in violation of the WPCL;

   b. Whether the various fees imposed on Plaintiff and members of the proposed class in connection with their use of the ADP TotalPay Card constitute unauthorized deductions from wages in violation of the WPCL;

   c. Whether Defendant is a covered employer within the meaning of the WPCL;

   d. The correct statute of limitations for Plaintiff's and the proposed class members' claims;

   e. The correct method of calculating back pay and lost wages;

   f. Whether Plaintiff and the proposed class members are entitled to compensatory damages, and if so, the means of measuring such damages;

   g. Whether Plaintiff and the proposed class members are entitled to liquidated damages; and

   h. Whether Defendant is liable for attorneys' fees and costs.

24. Defendant has acted on grounds generally applicable to the proposed class.

25. The claims of the representative Plaintiff are typical of the claims of the proposed class members in that both Plaintiff and the proposed class members were denied the full amount of wages owed to them as a result of Defendant's uniform policy of making unauthorized deductions from their wages. This is the predominant issue which pertains to the claims of each and every proposed class member.

26. The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

27. Plaintiff will fairly and adequately protect the interests of the proposed class, as his interests are in complete alignment with those of the proposed class, *i.e.*, to prove and then eradicate Defendant's illegal employment practice of not paying the full amount of wages due to employees by virtue of unauthorized wage deductions.

28. Counsel for Plaintiff will adequately protect the interests of the proposed class. Such counsel is experienced with employment/class litigation and has previously served as class counsel in litigation brought pursuant to the WPCL.

29. Plaintiff and the proposed class he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

30. Defendant has engaged in a continuing violation of the WPCL.

31. Defendant's action in denying the full amount of wages due to Plaintiff and members of the proposed class was intentional and constitutes a willful violation of the WPCL.

## COUNT I:
## UNAUTHORIZED WAGE DEDUCTIONS
## IN VIOLATION OF THE WPCL

32. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

33. The WPCL provides in relevant part:

> Regular payday: (a) Wages other than fringe benefits and wage supplements. Every employer shall pay all wages, other than fringe benefits and supplements, due to his employees on regular paydays designated in advance by the employer.... The wages shall be paid in lawful money of the United States or check, except that deductions provided by the law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employee, may be made including deductions of contributions to employee benefits plans, which are subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

43 P.S. § 260.3.

34. 34 Pa. Code § 9.1 sets forth those deductions from wages authorized by law as promulgated by the Pennsylvania Department of Labor and Industry. The first twelve provisions delineate such deductions as, for example, contributions to employee welfare and pension plans, payments to credit unions and savings funds, contributions for charitable purposes, deductions for social security and taxes, labor organization dues, and other specified deductions, none of which apply here.

35. Deductions which are not listed under 34 Pa. Code § 9.1 (1-12) may fall under 34 Pa. Code § 9.1(13): "Such other deductions authorized in writing by employees as in the discretion of the Department is proper and in conformity with the intent and purpose of the Wage Payment and Collection Law (43 P.S. §§ 260.1-260.12)."

7

36. On information and belief, the Pennsylvania Department of Labor and Industry has never evaluated and authorized ADP's TotalPay Card fee deductions as in conformity with the intent and purpose of the WPCL.

37. Plaintiff and members of the proposed class are/were employees of ADP within the meaning of the WPCL and, as such, are entitled to timely payment of the full amount of wages due to them.

38. As an agent of the direct employers to whom it provides payroll processing services, ADP is an employer within the meaning of the WPCL.

39. Defendant ADP exercised an active role in the policy and decision making relative to the illegal wage practices described herein.

40. ADP's wage practices as described herein result in a violation of the WPCL.

41. Plaintiff and members of the proposed class have entered into an unwritten agreement with ADP pursuant to which Plaintiff and members of the proposed class are to receive the full amount of wages owed to them in compensation of their work.

42. ADP's failure to pay the full amount of wages due, as required by Pennsylvania law, represents a violation of their unwritten agreement with Plaintiff and the members of the proposed class.

WHEREFORE, Plaintiff respectfully requests:

    a. All applicable statutory damages;

    b. Liquidated damages pursuant to 43 P.S. § 260.10;

    c. A Declaration that ADP has violated the WPCL;

    d. An Order requiring ADP to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay and reimbursement for lost wages in an amount to be shown at trial;

    e.    An Order designating this action as a class action pursuant to Federal Rule of Civil Procedure 23;

    f.    An Order appointing Plaintiff and his counsel to represent the proposed class;

    g.    An Order awarding counsel for Plaintiff reasonable attorneys' fees and costs; and

    h.    Any further relief which the Court deems appropriate under the circumstances.

### DEMAND FOR TRIAL BY JURY

43.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: August 21, 2014

Respectfully submitted:

By: *[signature]*
Gary F. Lynch, Esquire
glynch@carlsonlynch.com
Sunshine R. Fellows, Esquire
sfellows@carlsonlynch.com
CARLSON LYNCH LTD
PNC Park
115 Federal Street, Suite 210
Pittsburgh, Pennsylvania 15212
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
Web: www.carlsonlynch.com

Richard Shenkan, Esquire
rshenkan@shenkanlaw.com
SHENKAN INJURY LAWYERS, LLC.
6550 Lakeshore St.
West Bloomfield, MI 48323
Telephone: (248) 562-1320
Facsimile: (888) 769-1774

*Counsel for Plaintiff*